UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSEPH A. WASKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-00037 |
| | ) | |
| JOSEPH V. DIFILIPPO, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is a Motion for Leave to Schedule Supplemental Deposition (Docket # 19) filed by Defendant Joseph Difilippo, requesting that the Court allow Difilippo to depose Plaintiff Joseph Wasko for the second time due to the discovery of new evidence concerning Wasko's purported solicitation of perjured witness testimony. For the reasons stated herein, Difilippo's motion will be granted.

*1. Factual and Procedural Background*

On January 10, 2006, Wasko, who was represented by counsel at the time, filed the instant suit against Difilippo, a police officer, alleging that Difilippo used excessive force during his arrest on June 29, 2005. (Docket # 1.) On March 22, 2006, the Court conducted a scheduling conference at which a discovery deadline of September 22, 2006, was established. (Docket # 9.)

On July 10, 2006, Wasko's counsel filed a request to withdraw from his representation of Wasko, which the Court granted on July 27, 2006. (Docket # 12, 13, 18.) On July 24, 2006, Wasko, acting *pro se*, requested that the following witnesses be removed from his witness list: Florence Wasko, Harold Mitton, Amanda Gross, and Jodie Worman. (Docket # 17.)

On August 7, 2006, Difilippo filed the instant motion (Docket # 19), seeking to depose Wasko for a second time for the purpose of inquiring about a purported discrepancy between Wasko's deposition taken on May 12, 2006, and the deposition of his mother, Florence Wasko, taken on June 27, 2006. (Mot. for Leave to Schedule Supplemental Dep. ¶¶ 2, 3.)  More specifically, Difilippo wants to ask Wasko why he testified that Florence Wasko, Harold Mitten (Florence's boyfriend), and Jodie Worman (Wasko's girlfriend) witnessed the alleged use of excessive force, when his mother testified that neither she, nor the other witnesses identified by Wasko, were anywhere near the scene of Wasko's arrest. (Mot. for Leave to Schedule Supplemental Dep. ¶¶ 2, 3.)  Difilippo also wants to ask Wasko about certain letters produced by his mother that she says Wasko penned, in which he suggested that his mother, Mitten, and Worman perjure themselves by testifying they witnessed the use of alleged excessive force against him. (Mot. for Leave to Schedule Supplemental Dep. ¶ 3.)

Additionally, Difilippo requests leave to amend his witness list to include Florence Wasko and Harold Mitten as witnesses. (Resp. to Pl.'s Mot. to Exclude Witnesses from His Witness List and to Am. Interrogs. ¶ 2.)

## *2. Discussion*

In his motion, Difilippo requests leave to conduct a second deposition of Wasko for the purpose of asking ask him about new evidence that suggests Wasko solicited perjured witness statements.  Wasko, however, objects to this additional deposition and denies that he ever solicited perjured statements, further asserting that the issue is moot since he has since excluded Florence Wasko, Harold Mitten, and Jodie Worman from his witness list. (Mot. to Object to Def.'s Leave Supplemental Dep. Req. ¶¶ 1-4.)

2

Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure provides that a party may take supplemental testimony from a person who has already been deposed in the case *only* with leave of the court. Fed. R. Civ. P. 30(a)(2)(B); *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *1 (N.D. Ill. Aug. 19, 2005).  Here, there is clearly sufficient reason for the Court to grant Difilippo leave to depose Wasko a second time.

First, the requested information is new, is not duplicative, and Difilippo likely cannot obtain it by other means. *See* Fed. R. Civ. P. 26(b)(2); *cf. Ameristar Jet Charter, Inc., v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (denying a request to conduct additional depositions as "duplicative," characterizing it as a mere "hope" to find new evidence through a "fishing expedition").  Obviously, Difilippo could not have inquired about the alleged solicitation of perjury at Wasko's first deposition, because the conflict did not arise until his mother's deposition, which was taken one month after Wasko's deposition.  Likewise, Difilippo could not have inquired about the letters soliciting perjured testimony that were purportedly written by Wasko, as Wasko's mother produced them *after* her deposition.

Furthermore, the requested deposition is likely to reveal information that is reasonably calculated to lead to the discovery of admissible evidence regarding Wasko's credibility. *See* Fed. R. Civ. P. 26(b)(1), (2); *see generally Wilson v. Vaccaro*, 883 F. Supp. 258 (N.D. Ill. 1995) (discussing the solicitation of perjured testimony in a § 1983 case).  In granting Difilippo's request, the Court can minimize any burden to Wasko by limiting the scope of the second deposition to questions concerning who witnessed his arrest and his alleged solicitation of perjured testimony. *See* Fed. R. Civ. P. 26(b)(2).

As a result, the Court will overrule Wasko's objection and will grant Difilippo's motion

to depose Wasko for a second time. In light of the foregoing, the Court will also grant Difilippo leave to add Florence Wasko and Harold Mitten to his witness list and will grant Wasko leave to delete them, as well as Amanda Gross and Jodie Worman, from his witness list.

### *3. Conclusion*

For the reasons set forth herein, Defendant's Motion for Leave to Schedule Supplemental Deposition (Docket # 19) is hereby GRANTED, provided, however, that the deposition shall be limited to questions concerning who witnessed his arrest and his alleged solicitation of perjured testimony. Additionally, Defendant's request (Docket # 21) to add Florence Wasko and Harold Mitten to his witness list is GRANTED, and Plaintiff's request (Docket # 17, 20) to delete Florence Wasko, Harold Mitton, Amanda Gross, and Jodie Worman from his witness list is GRANTED.

SO ORDERED.

Enter for this 28th day of August, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4