UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSEPH A. WASKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-00037 |
| | ) | |
| JOSEPH V. DIFILIPPO, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the *pro se* Plaintiff's "Second Reply to Defendant's Request for Supplemental Deposition" (DE # 29) filed August 28, 2006.  Since the Second Reply follows the granting of the Defendant's Motion for Leave to Schedule Supplemental Deposition (Docket # 19), the Court will consider this most recent filing as a Motion to Reconsider.  For the reasons provided, the Motion to Reconsider will be DENIED and the Supplemental Deposition may go forward.

*1.  Factual and Procedural Background*

On January 10, 2006, Wasko, who was represented by counsel at the time, filed the instant suit against Difilippo, a police officer, alleging that Difilippo used excessive force during his arrest on June 29, 2005. (Docket # 1.) Wasko's deposition was taken at his place of incarceration on May 12, 2006.

On July 24, 2006, Wasko, now acting *pro se*, requested that the following witnesses be removed from his witness list: Florence Wasko, Harold Mitton, Amanda Gross, and Jodie Worman. (Docket # 17.)

On August 7, 2006, Difilippo requested leave to re-depose Wasko to ask him why he had testified that his mother, Florence Wasko, Harold Mitten (Florence's boyfriend), and Jodie Worman (Wasko's girlfriend) witnessed the alleged use of excessive force, when his mother testified at her deposition on June 27, 2006, that neither she, nor the other witnesses identified by Wasko, were anywhere near the scene of Wasko's arrest.  Difilippo also wanted to ask Wasko about certain letters produced by his mother, ostensibly written by Wasko, suggesting that his mother, Mitten, and Worman perjure themselves by testifying they witnessed the use of alleged excessive force against him.

The Court granted Difillipo's motion on August 28, 2006, noting that the information was new and arguably had some effect on Wasko's credibility, making the inquiry relevant. The Court, however, limited the scope of the second deposition to questions concerning who witnessed his arrest and his alleged solicitation of perjured testimony. *See* Fed. R. Civ. P. 26(b)(2).

## 2.  Discussion

In his Second Reply, which we now view as a Motion to Reconsider, Wasko argues that naming his mother as a potential witness was simply a misunderstanding or innocent mistake because he thought she had actually observed the incident. In addition, Wasko indicates that while Difillipo is welcome to impeach his credibility at trial, if there is any evidence that he solicited perjured testimony, such as letters written to his mother, he should first be provided with a "certificate of authenticity."  Finally, Wasko, who first was willing to offer his mother and Mitten as witnesses, now suggests that they lack credibility or have offered false testimony.

2

Having considered these arguments, we think that there is still sufficient reason to grant Difilippo leave to depose Wasko a second time.

First, as observed in the Court's earlier order, all of this is new information, derived after Wasko's first deposition, is not otherwise duplicative, and Difilippo is unlikely to obtain it by other means. *See* Fed. R. Civ. P. 26(b)(2). Moreover, the requested deposition is likely to reveal information that is reasonably calculated to lead to the discovery of admissible evidence regarding Wasko's credibility. *See* Fed. R. Civ. P. 26(b)(1), (2); *see generally Wilson v. Vaccaro*, 883 F. Supp. 258 (N.D. Ill. 1995) (discussing the solicitation of perjured testimony in a § 1983 case). In that regard, Wasko will be given an opportunity to explain, under oath, how all of this was simply a misunderstanding between him, his mother, and Mitten.

Of course, part of the inquiry will focus on letters purportedly written by Wasko to his mother soliciting perjured testimony. We do not know why Wasko requests that Difillipo produce a "certificate of authenticity" concerning those letters, but it sounds as if he wants some foundation laid before he is confronted with them at his deposition; alternatively, Wasko suggests that if Difillipo does not produce the requested "certificate of authenticity" any impeachment effort concerning the letters can wait for trial. Wasko's argument overlooks, of course, one of the very purposes of the deposition, to determine if Wasko even wrote the letters (or had them written). Stated another way, deposition testimony is one possible way to lay a foundation for the admission of a writing, Fed. R. Evid. 901(b)(1), although as Fed. R. Evid. 903 tells us, it is not the exclusive way. Clearly then, the deposition will touch upon a relevant inquiry and should go forward. *See* Fed. R. Civ. P. 26(b)(1), (2).

Finally, if Wasko wishes to impeach his mother or Mitten, he is free to do so whether

3

they are his witnesses or Difillipo's, Fed. R. Evid. 607, but that effort should not be the basis to forestall the supplemental deposition, particularly since the deposition's scope has been limited to questions concerning who witnessed Wasko's arrest as well as the alleged solicitation of perjured testimony. *See* Fed. R. Civ. P. 26(b)(2).

### *3.  Conclusion*

As a result of the foregoing, the Court hereby DENIES Wasko's Motion to Reconsider (DE #29).

SO ORDERED.

Enter for this 30th day of August, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge